IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| MICHAEL GAUME, on behalf of himself and those similarly situated,<br><br>              Plaintiff,<br><br>-vs-<br><br>STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC,<br><br>              Defendants. | Case No.: |

**COLLECTIVE ACTION COMPLAINT UNDER FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL GAUME ("GAUME" or "Plaintiff"), on behalf of himself and other employees similarly situated, sues Defendants, STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC, and states:

### NATURE OF ACTION

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.("FLSA").

2. Plaintiff alleges Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay Plaintiff and other similarly situated employees overtime wages.

3. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action on behalf of himself and other similarly situated employees, to recover unpaid overtime compensation plus liquidated damages.

4. Plaintiff, and other employees similarly situated, were employed by Defendants as installers.

5. The overtime violation giving rise to this action is the result of a common policy, practice, plan, or scheme to avoid the payment of overtime wages to installers.

## PARTIES

6. **Plaintiff MICHAEL GUAME** is currently employed by Defendants as an installer and has been employed in that position for at least three years preceding the filing date.

7. **Defendant STORM SMART HOLDINGS LLC** is a Delaware corporation headquartered in Fort Myers, Florida, with its principal place of business located at 6182 Idlewild St., Fort Myers, Florida 33966.

8. **Defendant THE SMART COMPANIES, LLC** is a Delaware corporation headquartered in Fort Myers, Florida, with its principal place of business located at 6182 Idlewild St., Fort Myers, Florida 33966.

9. **Defendant STORM SMART BUILDING SYSTEMS LLC** is a Delaware corporation headquartered in Fort Myers, Florida, with its principal place of business located at 6182 Idlewild St., Fort Myers, Florida 33966.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

11. The Middle District of Florida, Fort Myers Division, is the proper venue because the defendant entities are headquartered in Fort Myers, Florida, where Defendants employed Plaintiff and other similarly situated employees as installers.

## SINGLE EMPLOYER AND INTEGRATED ENTERPRISE

12. Although separate entities, STORM SMART HOLDINGS LLC, THE SMART COMPANIES LLC, and STORM SMART BUILDING SYSTEMS LLC are a single employer and integrated enterprise for all purposes under the FLSA.

13. STORM SMART HOLDINGS LLC is a Delaware corporation formed on or about March 17, 2021. Although not registered with the Florida division of corporations to transact business in Florida, STORM SMART HOLDINGS LLC does transact substantial business in Florida, which includes advertising for employees in Southwest Florida, hiring employees in Southwest Florida, managing operations, and transacting business related to hurricane protection sales and manufacturing.

14. THE SMART COMPANIES LLC is a Delaware corporation formed on March 26, 2021. THE SMART COMPANIES LLC is the surviving company

of The Smart Companies, Inc., a Florida corporation converted to a foreign LLC pursuant to Articles of Conversion filed on March 26, 2021.

15. STORM SMART BUILDING SYSTEMS LLC is a Delaware corporation formed on March 24, 2021. STORM SMART BUILDING SYSTEMS LLC is the surviving company of Storm Smart Building Systems, Inc. a Florida corporation converted to a foreign LLC pursuant to Articles of Conversion filed on March 24, 2021. THE SMART COMPANIES LLC is the Manager of Defendant STORM SMART BUILDING SYSTEMS LLC.

16. STORM SMART HOLDINGS LLC, THE SMART COMPANIES LLC, and STORM SMART BUILDING SYSTEMS LLC are all headquartered in Fort Myers, Florida, with the same principal place of business located at 6182 Idlewild St., Fort Myers, Florida 33966.

17. At all times material, STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC, shared a common business purpose, to manufacture, sell and install hurricane protection products, primarily in Florida. To accomplish this common purpose, STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC, manage and share a workforce of approximately 250 employees.

18. Pursuant to 29 U.S.C. 203(r)(1) of the FLSA, STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC, are a single "enterprise." All three companies perform

"related activities" through unified operations and are under common ownership, management, and control.

19. At all times material, STORM SMART HOLDINGS LLC, THE SMART COMPANIES, LLC, and STORM SMART BUILDING SYSTEMS LLC, were the single employer of Plaintiff and those similarly situated based on (i) common management; (ii) interrelated operations; (iii) centralized labor relations; (iv) common ownership and (v) common financial control.

20. Unless stated otherwise, STORM SMART HOLDINGS LLC, THE SMART COMPANIES LLC, and STORM SMART BUILDING SYSTEMS LLC, will be referred to as "STORM SMART" and pled as a single employer and integrated enterprise under the FLSA for purposes of FLSA coverage and imposing liability.

## FLSA COVERAGE

*Enterprise Coverage*

21. At all times material to this action, Defendants STORM SMART were Plaintiff's "employer" within the meaning of the FLSA.

22. At all times material, Defendants STORM SMART employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

23. At all times material, Defendants STORM SMART had gross sales volume of at least $500,000 annually.

*Individual Coverage*

24. At all times material, Plaintiff was "engaged in commerce" and is individually covered under the FLSA.

25. At all times material, the work performed by the Plaintiff was essential to the business conducted by Defendants STORM SMART

26. The products and materials used by Plaintiff on a regular and recurrent basis were supplied by STORM SMART and moved directly through interstate commerce.

27. To further Defendants business purpose, Plaintiff regularly and recurrently communicated with customers and prospective customers outside of the state of Florida.

28. To further Defendants business purpose, Plaintiff regularly and recurrently communicated with vendors and suppliers outside of the State of Florida.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff and the putative class members are current and past shutter installers defined as follows:

    **All shutter installers who worked for Storm Smart at any time in the three (3) years preceding the filing of the Complaint who worked over forty (40) hours in any workweek and were not paid overtime wages.**

30. At any given time, STORM SMART employees more than one hundred shutter installers. These installers perform the same or similar job duties as Plaintiff, and under the same compensation policy as Plaintiff

6

31. Plaintiff and the other installers in the putative class performed the same or substantially similar job duties.

32. Plaintiff and the putative class members were paid under the same compensation structure giving rise to the overtime violations.

33. Plaintiff and the other installers were paid a percentage of each job plus a piece rate for certain items.

34. Plaintiff and the other installers regularly worked more than forty (40) hours in a workweek.

35. Prior to May 2021, Defendants did not pay overtime wages to Plaintiff or the other installers.

36. After May 2021, Defendants paid overtime wages to Plaintiff and the other installers, but failed to include compensable time completing job closing paperwork and drivetime back to the shop.

37. This common policy or practice resulting in the overtime violations uniformly applied to Plaintiff and the similarly situated installers.

## FACTS

38. STORM SMART sells, manufactures, and installs hurricane protection products, including shutters. To accomplish its business purpose, STORM SMART employs a substantial workforce of approximately 250 employees.

39. In approximately June 2018, STORM SMART hired Plaintiff as a "shutter installer." Plaintiff remains employed in this position.

40. Before shutter installation, a sales representative meets with the customer, obtains a signed contract, and gets a deposit. After permitting, the customer meets with a design specialist to design the project. After this work is complete, STORM SMART manufactures the shutters or obtains the materials required for installation.

41. When a project is ready for installation, STORM SMART assigns an installer, and an installation appointment is scheduled with the customer.

42. The primary duties of an installer are:

    a. Collect the materials needed for installation;

    b. Report to the jobsite with all tools and materials on the day of installation;

    c. Install the shutters and all component parts;

    d. Clean the jobsite after installation is complete;

    e. Complete all closing paperwork;

    f. Collect any final payment from the customer.

    g. Provide service or repairs if requested by the customer for one year after the installation date

43. As part of their duties, installers are required to complete project or pay sheets. Although these pay sheets capture some of the installers' time they are not accurate.

44. STORM SMART does not allow Plaintiff and the other installers to record time spent after hours completing closing paperwork. Plaintiff and the other

similarly situated installers spend a substantial amount of time on post-job paperwork at their home or off-site.

45. Plaintiff and the other installers are also prohibited from recording all of their compensable driving time. Although STORM SMART allows Plaintiff and the other installers to record time at the shop and driving to the jobsite in the morning, it prohibits Plaintiff and the other installers from recording time driving from the jobsite back to the facility. However, this drivetime is compensable because it is primarily to benefit the employer and work is actually performed.

46. On average, Plaintiff and the other installers worked approximately eleven hours per day, six days per week. In the three years preceding the filing of the Complaint, Plaintiff and the other installers regularly worked more than 40 hours per week.

47. In the three years preceding the filing of the Complaint, Plaintiff and the other installers were paid a percentage of each job plus a piece rate for certain items.

48. Prior to May 2021, STORM SMART did not pay overtime wages to Plaintiff or the other installers.

49. After about May 2021, STORM SMART began paying Plaintiff and the other installers overtime wages, but continued its practice of not including the offsite completion of paperwork and drivetime back to the shop as compensable.

50. Although Plaintiff and the other installers are required, permitted, or encouraged to work more than forty hours per week, they are not paid overtime.

## STATEMENT OF CLAIM
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

51. All previous paragraphs are incorporated as though fully set forth herein.

52. Plaintiff and the putative class members worked more than forty (40) hours in one or more workweeks.

53. STORM SMART failed or refused to compensate Plaintiff and the other installers overtime wages calculated 1.5 times the regular rate for all hours worked.

54. Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated installers

55. Defendants knew its policy and practice for installer compensation violated the FLSA overtime provisions. Defendant acted willfully or with reckless disregard of the FLSA because Defendants knew its practice violated the law and continued implementing the unlawful practice.

56. Pursuant to 29 U.S.C. § 216(b), Plaintiff and those similarly situated seek unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff respectfully requests the following relief on behalf of himself and those similarly situated installers:

a. Pursuant to 29 U.S.C. § 216(b), an order of conditional certification authorizing notice to the perspective class and an opportunity to opt-in to the action.

b. A declaration that Defendant has violated the overtime provisions of 29 U.S.C. § 207;

c. Unpaid overtime wages;

d. Liquidated damages;

e. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

f. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: April 20, 2022

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com

**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017

11